[Civ. No. 5638.   Third Appellate District.—October 20, 1936.]

LAWRENCE H. MINOR, Appellant, v. EDW. V. JONES et al., Respondents.

William H. Haupt and Max Schleimer for Appellant.

No appearance for Respondents.

THOMPSON, J. —The plaintiff has appealed from a portion of the judgment which was rendered against him in a suit to cancel a deed of conveyance to real property on the ground that it was procured by fraud and to quiet title thereto in him. The findings and judgment are in conflict with the pleadings and with the uncontradicted evidence which was adduced at the trial. The appeal is presented to this court on a bill of exceptions. The defendants failed to take the witness stand in their own behalf or to adduce any evidence in support of their answer. They have also failed to file a brief or appear in this court on appeal.

The complaint alleges that the plaintiff is the owner of two separate tracts of land in Butte County, California, of the value of $2,800; that the defendants procured the plaintiff and his wife to execute a deed of conveyance of these properties to them by the exercise of fraud, and prays for the cancellation of the deed and for a decree quieting title thereto in plaintiff. The answer denies the material allegations of the complaint and affirmatively asserts that the instrument was executed as a grant, bargain and sale deed in consideration of the sum of $2,500 due and owing to them in payment of an agreed attorneys' fee for services performed. The answer further alleges that the land is worth only $1,000, and prays for a decree quieting title in defendants and for a further judgment in their favor of the sum of $1500. Neither party asks the court to construe the deed as a mortgage to secure a lien for the payment of counsel fees, or otherwise. That relief was not demanded

by either party to the suit. It was not an issue in the case. The court adopted findings to the effect that the plaintiff is the owner of the land in question; that the execution of the deed was procured "through inadvertence and misunderstanding"; that the plaintiffs had knowledge of the nature of the deed which they executed, and that it was the intention of the parties thereto to thereby execute a mortgage on one of the tracts of land, instead of a deed, to secure the payment of $150 attorneys' fees due to the defendants. The court thereupon rendered judgment against the plaintiff, declaring the deed is a mortgage to secure a lien on lots 3 and 6 of block 90 of the Palermo Citrus Tract of Butte County, California, according to the map thereof on file in the office of the county recorder of that county. From that judgment the plaintiff has appealed. The respondents neither adduced evidence on their own behalf nor have they filed a brief or made any appearance on appeal. Evidently they concede the findings and judgment are in conflict with the pleadings and with the uncontradicted evidence of the case.

The evidence is clear, concise and undisputed. It shows without conflict that plaintiff owns the land in question; that he is an ignorant colored man; that he was arrested and confined in jail on a criminal charge; that the defendants are copartners engaged as attorneys in the practice of the law at Los Angeles; that plaintiff employed them as his attorneys to represent him in the criminal proceeding, agreeing to pay them the sum of $150 for their services; that he was ignorant of the law and of the nature of legal documents, and that he had absolute confidence in their honesty and integrity; that they occupied a confidential relationship toward him in that transaction; that immediately prior to the trial of the criminal case the defendants fraudulently presented to plaintiff in jail a document which they had previously prepared without his knowledge or consent, and falsely represented to him that it was a mere lien only upon lots 3 and 6 to secure the payment of the agreed fee of $150; that the document was held in the hand of one of the defendants, folded so as to conceal the nature of the instrument, except that plaintiff did notice it contained a description of both pieces of property, to which he objected; that the defendants thereupon crossed out the second de-

scription of property, with a lead pencil, but refused to permit plaintiff to take or read the instrument, and asserted that he must sign the document at once, as it was necessary for them to immediately attend court; that he thereupon signed the document, relying on his faith and confidence in them as his attorneys and believing they would protect his interests therein; that no notary public was present and the deed was never acknowledged by the plaintiff; that the defendants subsequently fraudulently procured the acknowledgment of the notary public to be affixed to the instrument out of the presence of the plaintiff and recorded the deed of conveyance to both pieces of property with the notation by the notary fraudulently inscribed on the margin of the instrument to the effect that both pieces of property were conveyed thereby.

This transaction was a palpable fraud on an ignorant colored man, and should not be permitted to stand. Even though it be conceded the plaintiff intended to execute a mortgage on one piece of property to secure the payment of attorneys' fee of $150, the deed was procured by fraud and is void. It was never acknowledged. It includes a description of one piece of property upon which the court finds the plaintiff did not intend to create a lien. There are neither pleadings, findings nor proof to authorize a reformation of the instrument. The decree does not purport to reform the instrument so as to eliminate the piece of property which was fraudulently described therein. Having been procured by fraud, the deed is absolutely void, and under the pleadings and record of this case on appeal, as it exists, the deed may not be deemed to constitute a mortgage upon any of the property described therein to secure a debt. It should be cancelled and set aside as void.

Pursuant to section 956a of the Code of Civil Procedure, this court accordingly adopts the following findings of facts based upon the uncontradicted evidence appearing in the bill of exceptions, to wit:

It is true that the plaintiff was, at the time of the commencement of this action, and now is, the owner and entitled to the possession of the two separate parcels of land in Butte County, California, described in the complaint, of the value of $2,800; that the defendants, and neither of them, have any right, title or interest in either of said tracts of

land; that the purported deed of conveyance to said land was procured by the fraud and misrepresentation of the grantees therein named; that the purported deed was never lawfully acknowledged and was not entitled to be recorded; that at the time of the signing of the instrument the grantees therein named sustained a confidential relationship toward the grantor as his attorneys; that the grantor did not intend to execute the instrument as a mortgage or lien upon the two parcels of land therein described to secure the payment of a $150 attorneys' fee, or otherwise; that the purported deed is therefore void and should be cancelled and set aside, and the plaintiff is entitled to a decree cancelling the deed and quieting title to the two parcels of land described in the complaint, in plaintiff.

That portion of the judgment from which this appeal is taken is reversed, and the court is directed to render judgment in favor of plaintiff cancelling the deed as void and quieting title in him to the two parcels of land described in the complaint.

Plummer, J., and Pullen, P. J., concurred.